IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NEEB KEARNEY & COMPANY, INC.,
GULF COAST COLD STORAGE, INC.,
and COASTAL CARGO COMPANY, INC.                    PLAINTIFFS

v.                                      CAUSE NO. 1:09CV832-LG-RHW

CONTINENTAL CASUALTY COMPANY                        DEFENDANT

## ORDER DENYING MOTION FOR
## RULE 54(B) CERTIFICATION

BEFORE THE COURT is the Plaintiffs' Motion to Certify as Final Judgment [102], and the Defendant's Notice of Lack of Opposition. Plaintiffs seek certification of the Court's Order granting Defendant's partial summary judgment motion. In its summary judgment motion, the Defendant asserted that the "Period of Restoration" provided for in the policy of insurance began on December 26, 2008, and ended on January 12, 2009. Plaintiffs argue that the Court's ruling agreeing with this interpretation of the policy, "will affect the ability of plaintiffs to recover the full amount of their damages at trial." (Pl's. Mot. 2, ECF No. 103). The Defendant informs that Court that it takes no position on the merits of Plaintiffs' Motion. It is "not convinced that Rule 54(b) applies . . . but is confident . . . the decision will be affirmed on appeal if the Court facilitates that effort at this time." (Def. Resp. 1, ECF No. 104).

### DISCUSSION

Rule 54(b) of the Federal Rules of Civil Procedure states:

When more than one claim for relief is presented in an action, whether

> as a claim, counterclaim, cross-claim, or third-party claim, or when
> multiple parties are involved, the court may direct the entry of a final
> judgment as to one or more but fewer than all of the claims or parties
> only upon an express determination that there is no just reason for
> delay and upon an express direction for the entry of judgment.

FED. R. CIV. P. 54(b). "One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus. v. Harrison Cnty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996). Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid "hardship or injustice through delay" and "should not be entered routinely as a courtesy to counsel. *Id.*

That this motion is unopposed does not alter the Court's analysis. The Fifth Circuit requires a searching inquiry into the grounds for 54(b) motions and has dismissed appeals when a district court abuses its discretion by summarily certifying a claim. *See, e.g., PYCA Indus.*, 81 F.3d at 1421.

Plaintiffs seek certification of an order that did not resolve a claim – only an issue within a claim. The Plaintiffs acknowledge this when they state that the Court's order granting partial summary judgment "limits [their] claim for coverage." (Pl's. Mot. 2, ECF No. 103). The Fifth Circuit has held that a Rule 54(b) certificate is inappropriate when an order of partial summary judgment does not dispose of an entire claim. *Davidson Oil Country Supply Co., Inc. v. Klockner, Inc.*, 780 F.2d 1258, 1259 (5th Cir. 1986). Accordingly, the Court finds that the interests of judicial economy would not be served by directing entry of judgment.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiffs'

Motion to Certify as Final Judgment pursuant to Rule 54(b) is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 13th day of June, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE